UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COMMUNITY HOSPITAL OF THE MONTEREY PENINSULA,<br><br>            Plaintiff,<br>     v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>            Defendant. | Case No. 5:14-cv-01518-PSG<br><br>**ORDER RE: CONSENT TO MAGISTRATE JUDGE JURISDICTION**<br><br>**(Re: Docket Nos. 7 and 22)** |

The docket reflects Defendant Aetna Life Insurance Company's consent to magistrate jurisdiction before the undersigned on May 1.[1]  Last week, Aetna attempted to decline consent to this court's jurisdiction through a form pleading.[2]  This filing does not comport with the law of this circuit.

Once a magistrate judge obtains consent under 8 U.S.C. Section 636(c), the consent "can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary

---

[1] *See* Docket No. 7 at 5 ("All parties have consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.").

[2] *See* Docket No. 22.

1
Case No. 5:14-cv-01518-PSG
ORDER RE: CONSENT TO MAGISTRATE JUDGE JURISDICTION

circumstances shown' by any party."[3]  "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge."[4]  Absent extraordinary circumstance and leave from the court, Aetna may not unilaterally revoke its consent to proceed before the undersigned in this case.  Should Aetna believe extraordinary circumstance supports reassignment, the court will entertain a renewed motion on the issue without prejudice.

**IT IS SO ORDERED.**

Dated: May 21, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[3] *Dixon v. Ylst*, we, 480 (9th Cir. 1993) (quoting 8 U.S.C. § 636(c)(6)); *see also* Fed. R. Civ. P. 73(b); *Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 58 (2d Cir. 1984) ("Once a case is referred to a magistrate under section 636(c), the reference can be withdrawn only by the district court, and only for good cause shown on its own motion, or under *extraordinary* circumstances shown by any party." (quotation and citation omitted) (emphasis in original)).

[4] *Id.* (citing *Carter v. Sea-Land Servs.*, 816 F.2d 1018, 1020-21 (5th Cir. 1987)
   We find nothing in the statute or the legislative history that requires continuing expressions of consent before a magistrate can exercise authority under a valid reference. Nor will we accept the slippery-slope invitation to read into the statute a rule that would allow a party to express conditional consent to a reference, thereby obtaining what amounts to a free shot at a favorable outcome or a veto of an unfavorable outcome.  Any such rule would allow the party to hold the power of consent over the magistrate like a sword of Damocles, ready to strike the reference should the magistrate issue a ruling not quite to the party's liking.  We will not countenance such fast and loose toying with the judicial system.

2
Case No. 5:14-cv-01518-PSG
ORDER RE: CONSENT TO MAGISTRATE JUDGE JURISDICTION